

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| MCC HUMBLE AUTO PAINT, INC., | ) | CASE NO. 12-33907-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

**ENTERED**
**11/09/2012**

<u>MEMORANDUM OPINION</u>

The court has held a hearing on "MAACO's Motion to Determine Applicability of Automatic Stay" (Docket No. 30). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered determining that no stay applies in the instant case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

MCC Humble Auto Paint, Inc. ("Debtor") filed the voluntary petition in the above captioned Chapter 11 case on May 29, 2012. Debtor operates an automotive body shop and paint shop. Debtor is a small business debtor, as defined in Section 101(51D) of the Bankruptcy Code.

Prior to the filing of the instant case, Debtor was the debtor in another small business Chapter 11 case, Case No. 11-

34994-H3-11. The previous case was dismissed, by order entered on May 3, 2012, for failure of Debtor to timely file a plan. (Docket No. 75, Case No. 11-34994-H3-11).

In the instant case, Debtor has not filed a plan. Debtor's president, James Gaarder, testified that he believes Debtor can file a plan within the next two weeks.

Gaarder testified that he does not believe Debtor has equity in the assets of the business. He testified that Debtor is unable to fund a plan through its operating income. He testified that Debtor has had very little income during the time the instant case has been pending. He testified that Debtor has been able to pay its current operating expenses, but has been unable to pay any debts.

Gaarder testified that he anticipated seeking to borrow funds from his parents, as investors in the business. However, he also testified that he believes his parents do not have funds available to make a substantial investment in Debtor. He testified that he has not contacted any other potential investors.

In the instant case, four proofs of claim have been filed. Ad valorem taxing authorities have filed proofs of claim in the amounts of $6,362.85 and $13,289.25. Maaco Franchising, Inc. ("Maaco") has filed a proof of claim in the amount of $139,024.30, secured by, <u>inter alia</u>, Debtor's accounts,

2

inventory, and equipment.  The Texas Comptroller has filed a proof of claim in the amount of $316,025.03, for sales and use taxes.  Gaarder testified that he disputes the claim of the Texas Comptroller, but Debtor has not filed an objection to the claim.[1]  Gaarder testified that he believes Comerica Bank has a lien on the real property on which Debtor conducts its business.  He did not testify as to the amount of Comerica Bank's claim.

      Gaarder testified that Maaco has filed suit against Debtor, in the United States District Court for the Eastern District of Pennsylvania, seeking to exercise rights under a franchise agreement which Maaco alleges has been terminated.  He testified that Maaco has also sought to seize the assets of Debtor to satisfy its secured claim.  He testified that he was aware of the suit at the time of filing of both the previous case and the instant case.

      Gaarder testified that he could not foresee that Maaco would seek to enforce its security interest before the filing of the instant case.  This portion of Gaarder's testimony is self-serving, and is not credible.

---

[1] Gaarder testified that an audit was conducted without notice to him.  He testified that he has petitioned the Texas Comptroller for redetermination of the amount of Debtor's sales and use tax debt.

## Conclusions of Law

Section 362(n) of the Bankruptcy Code provides:

(n)(1) Except as provided in paragraph (2), subsection (a) does not apply in a case in which the debtor -

  (A) is a debtor in a small business case pending at the time the petition is filed;
  (B) was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition;
  (C) was a debtor in a small business case in which a plan was confirmed in the 2-year period ending on the date of the order for relief entered with respect to the petition; or
  (D) is an entity that has acquired substantially all of the assets or business of a small business debtor described in subparagraph (A), (B), or (C), unless such entity establishes by a preponderance of the evidence that such entity acquired substantially all of the assets or business of such small business debtor in good faith and not for the purpose of evading this paragraph.

(2) Paragraph (1) does not apply -

  (A) to an involuntary case involving no collusion by the debtor with creditors; or

  (B) to the filing of a petition if -

    (i) the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed; and

    (ii) it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time.

11 U.S.C. § 362(n).

4

The Debtor in the instant case was a debtor in a small business case that was dismissed in the 2-year period ending on the date of the order for relief entered with respect to the petition in the instant case.  The instant case is not an involuntary case.  Thus, no stay goes into effect, unless the exception of Section 362(n)(2)(B) applies.

In the instant case, Debtor has not proven by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case was filed.  Gaarder's testimony indicates that he was aware of the litigation and efforts by Maaco, since before the previous Chapter 11 case was filed, to enforce their rights under its franchise agreement and its security interest.

Moreover, it is not likely that the court will confirm a feasible plan within a reasonable period of time.  Gaarder's testimony indicates that he believes Debtor has no equity in its assets, and little income.  Debtor did not file a plan in the previous case, and has not filed a plan, more than five months after the commencement of the instant case.  Gaarder's testimony indicates that he has had discussions with his parents about funding a plan, but that his parents have insufficient means to fully fund a feasible plan.  His testimony indicates that Debtor has not sought investment from any other source to fund a plan.

5

The court concludes that Debtor has not sustained its burden of proof with respect to the exception, under Section 362(n)(2)(B) of the Bankruptcy Code, to the general rule, under Section 362(n)(1)(B), that no stay applies in the instant case.

Based on the foregoing, a separate Judgment will be entered determining that no stay is in effect in the instant case.

Signed at Houston, Texas on November 9, 2012.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE