IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
03/29/2013

|  |  |
|---|---|
| IN RE | ) |
| MCC HUMBLE AUTO PAINT, INC., | ) CASE NO. 12-33907-H3-11 |
| Debtor, | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion of United States Trustee to Dismiss Or, in the Alternative, to Convert Case to Chapter 7" (Docket No. 49), joined by Maaco Franchising, Inc. ("Maaco") (Docket No. 52). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned Chapter 11 case with prejudice to filing of another case under Title 11 within 180 days after the date of entry of the Judgment. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

MCC Humble Auto Paint, Inc. ("Debtor") filed the voluntary petition under Chapter 11 of the Bankruptcy Code in the instant case on May 29, 2012. Debtor is a small business debtor, within the meaning of Section 101(51D) of the Bankruptcy Code.

Prior to the instant case, Debtor was also the debtor in Case No. 11-34994-H3-11, a Chapter 11 case filed on June 7, 2011, and dismissed on May 3, 2012, for failure of Debtor to timely file a Chapter 11 plan.

In the instant case, Debtor filed monthly operating reports from the petition date through September, 2012, but has failed to file monthly operating reports thereafter.

In the instant case, Debtor has failed to file a Chapter 11 plan and disclosure statement. The hearing on the instant motion was set more than 300 days after the petition date.

During the pendency of ths instant case, Debtor has incurred $2,605.95 in quarterly fees owing to the United States Trustee. Debtor has paid only $325.00. (U.S. Trustee Exhibit 3).

In the instant motion the United States Trustee seeks dismissal or conversion. The United States Trustee favors dismissal. Maaco joins in the motion, but favors conversion. Maaco asserts that conversion is necessary to prevent Debtor from commencing another case under Title 11. Debtor does not oppose dismissal, but requests that dismissal be ordered without prejudice.

James Gaarder, Debtor's principal, testified that he owns the real property on which Debtor conducts its business. He testified that he intends to convey the business to a group of

Debtor's employees, either for compensation or gratuitously. Gaarder testified that his individual debt secured by the real property exceeds the value of the real property.

Gaarder testified that he has been unable to spend sufficient time operating Debtor's business because he has spent six years preparing for litigation in the bankruptcy court and in Pennsylvania.[1]

Maaco has filed a proof of claim in the instant case, asserting that it is owed $139,024.30, secured by accounts, inventory, equipment, the Maaco franchise, accounts receivable, proceeds, and general intangibles.

## Conclusions of Law

Section 1112(b) of the Bankruptcy Code provides in pertinent part:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of

---

[1] The underlying litigation concerns Maaco's contention that Debtor is not permitted to operate any sort of auto paint and body shop within 10 miles, after Maaco terminated Debtor's franchise to operate a Maaco auto paint and body shop.

>creditors and the estate, and the debtor or any other party in interest establishes that--
>
>>(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
>>(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>>>(i) for which there exists a reasonable justification for the act or omission; and
>
>>>(ii) that will be cured within a reasonable period of time fixed by the court.
>
>>\* \* \*
>
>(4) For purposes of this subsection, the term 'cause' includes--
>
>>(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
>>\* \* \*
>
>>(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
>
>>(K) failure to pay any fees or charges required under chapter 123 of title 28;

11 U.S.C. § 1112(b).

Section 1121(e) of the Bankruptcy Code provides in pertinent part:

>(e) In a small business case--
>
>>\* \* \*

>    (2) the plan and a disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief;
>
>    (3) the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if -
>
>> (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
>>
>> (B) a new deadline is imposed at the time the extension is granted; and
>>
>> (C) the order extending time is signed before the existing deadline has expired.

11 U.S.C. § 1121(e).

Bankruptcy Rule 2015(a)(6) requires that a small business Debtor in Chapter 11 file monthly reports.

In the instant case Debtor has failed to file the monthly reports required under Bankruptcy Rule 2015. Debtor has failed to timely file a plan and disclosure statement, or seek an extension. Debtor has failed to pay quarterly fees due to the United States Trustee. Each of these constitutes cause for conversion or dismissal of the instant case.

In the instant case, it appears that there is no estate that a Chapter 7 trustee could administer. Moreover, Maaco's stated rationale for seeking conversion rather than dismissal concerns preventing a future case, rather than obtaining a distribution in the instant case. Maaco has been pursuing its

own recovery in litigation outside the bankruptcy. The court concludes that the instant case should be dismissed. Dismissal of the instant case should be with prejudice to filing another petition within 180 days after the instant case is dismissed, in light of Debtor's failure to file a plan in either the instant case or the previous case, as well as Debtor's failure to comply with reporting requirements in the instant case.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned Chapter 11 case with prejudice to filing of another case under Title 11 within 180 days after the date of entry of the Judgment.

Signed at Houston, Texas on March 29, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE